Opinion by TILSON, J. The record showed that certain of the items are similar in all material respects to those involved in Abstract 49006. In accordance therewith the claim at 40 percent under paragraph 923 was sustained to this extent.

**No. 49886.**—Protests 522292–G, etc., of Amberg Schwab & Co. et al. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests

**No. 49887.**—Protest 104787–K of Transatlantic Arts, Ltd. (New York).

Opinion by KINCHELOE, J. Upon retrial of the protest plaintiff abandoned the item assessed at 7½ percent. The plaintiff then called the Government examiner from whose testimony it appeared that the merchandise invoiced as color prints, assessed at 25 percent under paragraph 1410, was in fact documents issued by the British Government. In accordance therewith the claim for free entry under paragraph 1629 was sustained as to this item.

**No. 49888.**—Protest 105770–K of Benjamin Wood, Esq. (New York).

Opinion by KINCHELOE, J. Exhibit 1 received in evidence consists obviously of a large map or chart of the world, with designations thereon of all places where tea is produced, and with descriptive portrayals of the different events in history connected with production and use of tea. It was the court's opinion that the merchandise clearly comes within the provision in said paragraph 1410, as modified, at 12½ percent. In accordance therewith the protest was sustained to this extent.

**No. 49889.**—Protests 100254–K, etc., of Nathan Institute, Inc., et al. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

BEFORE THE FIRST DIVISION, DECEMBER 22, 1944

**No. 49890.**—Protests 3900–K, etc., of Frankel Importing Co. (New York).

Opinion by OLIVER, P. J. In view of stipulation of counsel that certain of the items consist of beads wholly or in chief value of glass similar to those involved in *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867), some of the items were held dutiable at 35 percent under paragraph 1503 and others at 20 percent

under the same paragraph as modified by the said trade agreement, and as set out in schedule attached to decision.

**No. 49891.**—Protests 22340–K, etc., of Samuel Barotz & Co., Inc. (New York).

Opinion by OLIVER, P. J. In view of stipulation of counsel that certain of the items consist of beads wholly or in chief value of glass similar to those involved in *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867), some of the items were held dutiable at 35 percent under paragraph 1503 and others at 20 percent under the same paragraph as modified by the said trade agreement, and as set out in schedule attached to decision.

**No. 49892.**—Protests 935784–G, etc., of Royal Bead Novelty Co. (New York).

Opinion by OLIVER, P. J. In view of stipulation of counsel that certain items consist of beads wholly or in chief value of glass similar to those the subject of *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867) the court held certain of the items as set out in schedule attached to decision to be dutiable at 35 percent under paragraph 1503 as claimed.

**No. 49893.**—Protest 54205–K of L. Bamberger & Co. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise in question consists of synthetic resin articles similar to those involved in Abstract 41037. In accordance therewith the claim at 20 percent under paragraph 1558 was sustained.

**No. 49894.**—Protests 986342–G, etc., of Mandel Bros., Inc. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, DECEMBER 22, 1944

**No. 49895.**—Petition 6409–R of M. De Rosa, Inc. (New York).

Opinion by TILSON, J. It appeared from the record that this entry was selected by the importer and the examiner to be used as a test case and that the importer disclosed to the examiner all information in his possession. On the record presented the court was of the opinion that the entry was made without any intention to defraud the revenue of the United States or conceal or misrepresent the facts. The petition was therefore granted.